IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 3:20-cr-07 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| CASSANDRA WALLACE | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Cassandra Wallace's ("Ms. Wallace") Motion for Documents at the Government's Expense. (ECF No. 2102). Specifically, Ms. Wallace requests copies of her "plea agreement, indictment, sentencing transcripts, plea agreement transcripts, and discovery" materials. (*Id.* at 1). For the reasons that follow, the Court will **DENY** Ms. Wallace's Motion without prejudice, allowing her to re-file her request considering the Court's findings below.

On August 8, 2020, a Federal Grand Jury returned a Superseding Indictment charging Ms. Wallace with the following offenses: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, at Count II; and (2) distribution and/or possession with intent to distribute 50 grams or more of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii), at Count XI. (ECF No. 480).

Ms. Wallace pleaded guilty to Counts II and XI of the Superseding Indictment on October 18, 2022. (ECF No. 1791). The Court sentenced Ms. Wallace to 120 months imprisonment at each Count, to be served concurrently, on February 21, 2023. (ECF Nos. 1933, 1934). As the docket reflects, Ms. Wallace did not appeal her sentence.

In support of her request for documents, Ms. Wallace avers that (1) "she is unable to pay for any expenses[,]" and (2) she intends to file a motion pursuant to 28 U.S.C. § 2255 because her "constitution[al] rights ha[ve] been violated." (*Id.*). To date, Ms. Wallace has not filed any motion pursuant to § 2255, nor does she have any collateral proceeding pending.

"Pursuant to 18 U.S.C. § 3006A(e)(1), a court shall authorize an indigent defendant to obtain services, including documents, for adequate representation only upon a finding that the services are necessary and that the defendant is financially unable to obtain them." *United States v. Moran*, No. 21-CR-21, 2023 WL 4295828, at *1 (W.D. Pa. June 30, 2023) (citing *United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008)). "The burden of establishing necessity rests on the defendant[.]" *United States v. Pitts*, 346 F. App'x 839, 841 (3d Cir. 2009). And to meet this burden, "'a defendant must demonstrate with *specificity*, the reasons why such services are required.'" *Id.* (quoting *United States v. Gadison*, 8 F.3d 186, 191 (5th Cir. 1993)) (emphasis in original).

Here, Ms. Wallace broadly asserts that she needs the aforementioned documents because she intends to file a § 2255 motion. (ECF No. 2102 at 1). This general assertion, however, is insufficient to carry her burden. *Moran*, 2023 WL 4295828, at *1–2; *see also United States v. Jackson*, 302 F. App'x 122, 123 (3d Cir. 2008) (citing *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for

the purpose of searching the record for possible error.")). This conclusion is bolstered by the fact that Ms. Wallace (1) did not appeal her sentence and (2) has no collateral proceeding pending.

Accordingly, Ms. Wallace is not presently entitled to the documents she requests free of charge.[1] *See Moran*, 2023 WL 4295828, at *1–2 (denying the defendant's request for documents at the Government's expense where the defendant only broadly asserted that he needed said documents to prepare an appeal but had no appeal or collateral proceeding pending); *Id.* at *2 (collecting cases); *United States v. Francisco*, 342 F. App'x 828, 828–29 (3d Cir. 2009).

---

[1] Ms. Wallace's invocation of "*Younger v. Gilmore*" and the right to "meaningful access to the Courts" does not alter the Court's conclusion. In *Younger v. Gilmore,* the Supreme Court affirmed the judgment of the District Court for the Northern District of California in a two-sentence opinion. 404 U.S. 15, 15 (1971). The Court interprets Ms. Wallace's reference to "the district court['s]" findings as her relying upon the Northern District of California's decision below in *Gilmore v. Lynch*, 319 F. Supp. 105 (N.D. Cal. 1970). But *Lynch* addressed prisoners' challenges to "certain rules and regulations of the Department [of Corrections] concerning inmate access to law books, legal materials, and lay assistance in preparing prisoner writs and complaints." *Id.* at 107. The specific regulations at issue in *Lynch* (1) established an exclusive list of basic legal codes and references for prisoner use, (2) required that all legal papers remain in the possession of the inmate to whom they pertain, and (3) formulated a restricted list of law books available for prison circulation. *Id.* No *Lynch* plaintiff made an argument similar to Ms. Wallace's—that he or she is entitled to various documents at the Government's expense, and the court made no findings on that score. Ms. Wallace also argues that (1) "indigent inmates cannot be required to pay for docket fees before filing appeals, petitions, and motions"; (2) "[i]nmates without adequate funds cannot be required to pay for trial transcripts or counsel on appeals for their conviction"; (3) inmates "may not be prohibited from obtaining the assistance of other prisoners with Habeas Corpus application and other legal matters"; (4) inmates may not be "denied access to law students and professionals"; and (5) inmate legal mail cannot be read by prison staff, but "must be opened in the presence of the inmate." (ECF No. 2102 at 1–2). These arguments are unrelated to the relief Ms. Wallace requests in her pending Motion.

To the extent Ms. Wallace intends to argue that denying her request would violate her right to meaningful access to the Courts, the Court finds that argument unavailing. An inmate's right to court access is violated when "he or she has been hindered in an effort to pursue a nonfrivolous legal claim." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) (citing *Lewis v. Casey*, 518 U.S. 343, 349–53 (1996)). As previously explained, Ms. Wallace generally asserts her intention to file a § 2255 motion, but she offers no information regarding the basis for her claim. Without more information—which the Court encourages Ms. Wallace to provide by dismissing her Motion without prejudice—the Court cannot conclude that denying Ms. Wallace the documents she requests at the Government's expense will impede her in attempting to pursue a nonfrivolous legal claim. *Id.*

The Court's conclusion, however, does not foreclose the possibility of Ms. Wallace obtaining the documents she requests. The Court will dismiss Ms. Wallace's Motion without prejudice, allowing her to re-file and explain with more specificity why she needs these documents to prepare her § 2255 motion. Alternatively, with respect to documents requested that are docketed and public—i.e., her plea agreement and the Superseding Indictment—Ms. Wallace may pay the Clerk's Office for them at the $0.10/page rate available to anyone.[2]

As to Ms. Wallace's request for "sentencing transcripts," (ECF No. 2102 at 1), the Court notes that because Ms. Wallace did not appeal her sentence, no sentencing transcript has been produced. Ms. Wallace may, however, file a request with the Court to have the Court Reporter transcribe her sentencing hearing. But Ms. Wallace must pay for that service unless she satisfies her burden under § 3006A. *See* 28 U.S.C. § 753(f) ("Fees for transcripts furnished in criminal proceedings to person proceeding under [§ 3006A] … shall be paid by the United States out of moneys appropriated for those purposes.").

The Court notes that 28 U.S.C. § 753(f) also provides that the Government must pay for transcripts furnished "in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis … if the trial judge … certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." While Ms. Wallace has expressed her intention to file a § 2255 motion, she has not been granted leave to proceed in forma pauperis ("IFP") before this Court.

---

[2] The Court notes that the Superseding Indictment at ECF No. 480 and Ms. Wallace's plea agreement at ECF No. 1790-1 total thirty-one pages. Ms. Wallace may write the Clerk's Office, specifically request those documents, and include a check payable to "Clerk, U.S. District Court" for $3.10 to obtain copies of these documents. Of course, she may attempt to proceed under § 3006A as well by explaining in more detail to the Court why she needs the requested documents for her forthcoming § 2255 motion.

Ms. Wallace did file a document entitled "Motion for Leave to Proceed in Forma Pauperis" in November 2023. (ECF No. 2107). But that Motion is addressed to the Supreme Court of the United States and captions the Motion as pertaining to "Cassandra Wallace, Petitioner vs. United States of America, Respondent(s)[.]" (*Id.* at 1). Thus, the Court will not act on Ms. Wallace's IFP Motion, since it appears that it was not intended for this Court. The Court will terminate the Motion, but Ms. Wallace is free to file an IFP Motion addressed to this Court.

In light of the foregoing, the following Order is entered:

**AND NOW**, to wit, this __27th__ day of June, 2024, upon consideration of Defendant Cassandra Wallace's Motion for Documents at the Government's Expense, (ECF No. 2102), it is **HEREBY ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Ms. Wallace's Motion for Leave to Proceed In Forma Pauperis, (ECF No 2107), which was addressed to the Supreme Court of the United States, is **TERMINATED AS MOOT.**

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

**Notice by U.S. Mail to:**
Cassandra Wallace
#02183509
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442